# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| DENEEN MARTIN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV418-197 |
| WAL-MART STORES EAST, LP., | ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is defendant's Motion to Exclude Expert Testimony.  Doc. 59.  For the following reasons, the motion is **GRANTED**.

## BACKGROUND

This case arises from a slip and fall that occurred on July 29, 2016, at a Walmart in Hinesville, Georgia.  Doc. 59.  Discovery closed in this case on November 4, 2019, doc. 41, and plaintiff was required to disclose expert reports on December 10, 2018.[1]  *Id*.  Plaintiff ultimately served a disclosure of expert witnesses identifying two of plaintiff's treating

---

[1] A number of scheduling orders required varying disclosure and discovery deadlines.  However, the last deadline for expert reports was December 10, 2018.  Since the delayed submission is not the basis for the Court's determination that the motion should be granted, the relatively odd schedule discussed above is irrelevant.

physicians by name and stating that the individuals "will testify as to [their] medical treatment of Plaintiff, as well as causation." Doc. 59-3. That was the sole extent of plaintiff's disclosure. Defendant takes issue with this failure to comply with the Federal Rules of Civil Procedure.

Plaintiff, to her credit, does not attempt to argue that she did indeed comply with the federal rules. Instead, plaintiff argues that one of the referenced physicians did not begin treating plaintiff until well after the deadline for disclosure of expert reports. Doc. 60 at 2. Moreover, plaintiff argues that the treating physicians should be able to testify even as to causation because causation in a negligence claim does not generally require the assistance of expert testimony. *Id.* at 3. Finally, plaintiff argues that there was no requirement for the physicians to provide written reports to testify as experts as to causation because "Walmart has had Plaintiff's medical records that existed at the time since Initial Disclosures were made . . . [and] [e]ven a cursory review of these records would indicate the exact subjects and opinions of Plaintiff's treating physicians." *Id.* at 4.

Rule 26(a)(2) requires parties to disclose the identity of their expert witnesses and provide a written report including

  (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
  (ii) the facts or data considering by the witness in forming them;
  (iii) any exhibits that will be used to summarize or support them;
  (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
  (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
  (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Notably, this requirement applies to witnesses "retained or specially employed to provide expert testimony in the case or whose duties as the party's employee regularly involve giving expert testimony." *Id.* However, for those experts where a written report is not required, there is still a disclosure requirement. Fed. R. Civ. P. 26(a)(2)(C). Those witnesses must be included on a disclosure which states

  (i) the subject matter on which the witness is expected to present evidence under Federal Rules of Evidence 702, 703, or 705; and
  (ii) a summary of the facts and opinions to which the witness is expected to testify.

*Id.*

  Generally, treating physicians are not required to submit expert reports under Rule 26(a)(2)(B). *See In re Denture Cream Prod. Liab.*

*Litig.*, 2012 WL 5199597, at *4 (S.D. Fla. Oct. 22, 2012), *on reconsideration in part,* 2012 WL 13008163 (S.D. Fla. Nov. 14, 2012) ("When a treating physician testifies regarding opinions 'formed and based upon observations made during the course of treatment,' the treating physician need not produce a Rule 26(a)(2)(B) report."). However, plaintiff has specifically identified that she intends her treating physicians to provide expert testimony as to causation. And "treating physicians offering opinions beyond those arising from treatment are experts from whom full Rule 26(A)(2)(B) reports are required." *In re Denture Cream*, 2012 WL 5199597, at *4 (*citing Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011); *Meyers v. Nat'l R.R. Passenger Corp. (Amtrak)*, 619 F.3d 729, 734-35 (7th Cir. 2010); *Meredith v. Int'l Marine Underwriters*, 2012 WL 6025139, at * 5 (D. Md. 2012)); *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005)(citations omitted)(treating physician's diagnosis of jaw fracture is permissible lay opinion but statement as to cause of fracture was expert opinion); *see also Wilson v. Taser Int'., Inc.*, 303 F. App'x 708, 712 (11th Cir. 2009) ("Although we agree that a treating physician may testify as a lay witness regarding his observations and

decisions during treatment of a patient, once the treating physician expresses an *opinion* unrelated to treatment which is 'based on scientific, technical, or other specialized knowledge,' that witness is offering expert testimony for which the court must perform its essential gatekeeping function as required by *Daubert*.") (per curiam) (emphasis in original); *Rangel v. Anderson*, 202 F. Supp. 3d 1361, 1364 (S.D. Ga. 2016) ("Treating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient.").

There is no question here that such a disclosure as to plaintiff's physicians was not made. Plaintiff acknowledges that fact rather baldly. *See* doc. 60 at 2 ("Plaintiff will not waste the Court's time in disputing the indisputable."). However, Plaintiff argues instead that she was merely required to provide an expert report under the lowered standard of Fed. R. Civ. P. 26(a)(2)(C). *See* doc. 60 at 5 ("Plaintiff's treating physicians clearly fall into the Fed. R. Civ. P. 26(a)(2)(C) category . . . "). The Court need not make a determination as to whether an expert report was required under R. 26(a)(2)(B) or (a)(2)(C) because even under (a)(2)(C)'s lesser requirements, the disclosure here was insufficient.

Plaintiff's disclosure states only the physicians were going to testify to treatment and "causation." However,

> [t]he reader of plaintiff's disclosure has no idea what opinion the doctor will offer or on what facts the doctor will base that opinion. Further, the fact that plaintiff provided all his medical records to the defendants does not mean that plaintiff has fulfilled the 'summary of the facts and opinions' prong of Rule 26(a)(2)(C). Allowing medical records to be submitted in lieu of a summary would invite a party to dump voluminous medical records on the opposing party, contrary to the rule's attempt to extract a summary.

*Kondragunta v. Ace Doran Hauling & Rigging Co.*, 2013 WL 1189493, at 6 (N.D. Ga. March 21, 2013) (citations and quotations omitted). Thus, plaintiff has violated Fed. R. Civ. P. 26's expert disclosure requirements.

Plaintiff is however, right, that this failure to comply with either the spirit or the terms of the rule does not completely eliminate her use of these physicians as experts. Fed. Rule Civ. P. 37(c)(1) states that

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>   (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>   (B) may inform the jury of the party's failure; and
>   (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

*Id.* Plaintiff argues that the records upon which the treating physicians will rely are not voluminous, and that defendant will not be surprised by the opinions the treating physicians espouse (presuming of course defendants review the medical records). Doc. 60 at 6. Courts generally weigh five factors when considering whether an insufficient disclosure is harmless:

> (1) the surprise to the party against whom the evidence would be offered;
> (2) the ability of that party to cure the surprise;
> (3) the extent to which allowing the evidence would disrupt the trial;
> (4) the importance of the evidence; and
> (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*See Rangel,* 202 F. Supp. 3d at 1366 (citing *Cambridge Univ. Press v. Becker*, 2010 WL 6067575, at *3 (N.D. Ga. Sept. 21, 2010)); *Southern States Rack & Fixture, Inc. v. Sherwin Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).[2] However, substantial justification is shown where "reasonable people could differ as the appropriateness of the contested

---

[2] This Court has also used a three-part test in conducting this analysis. This test weighs "(1) the importance of the report; (2) the reasons for the party's failure to disclose the report earlier; and (3) the prejudice to the opposing party if the court fails to exclude the report." *Reese v. CSX Transp., Inc.*, 202 WL 5740253, at * 16 (S.D. Ga. Sept. 24, 2020) (*citing Pleasant v. Neesmith Timber Co., Inc.*, 2011 WL 841072, at * 1 (S.D. Ga. Mar. 7, 2011); *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F. R.D. 681, 683 (M.D. Fla. 2010). Regardless of which test is employed, plaintiff's disclosure warrants preclusion of the expert testimony.

action." *In re Delta/AirTran Baggage Fee Antitrust Litig.*, 846 F. Supp. 2d 1335, 1358 (N.D. Ga. 2012) (*quoting Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993)). And the party failing to disclose bears "[t]he burden of establishing that" the tardy disclosure "was substantially justified or harmless." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (citation omitted). Even with all of these standards, "[t]he district court has broad discretion in determining whether a violation is justified or harmless" under Rule 37. *Abdulla v. Klosinki*, 898 F. Supp. 2d 1348, 1359 (S.D. Ga. 2012) (citation omitted).

The Court cannot find (regardless of what standard the Court applies) that the violation in this case is either justified or harmless. As an initial matter, despite these issues being brought to plaintiff's attention as early as April of this year (and despite acknowledging that a disclosure is required), plaintiff has failed to even attempt to provide a proper disclosure under Rule 26. Thus, the surprise is real and increasing every day, and plaintiff has not provided a sufficiently justifiable explanation for the delay. Moreover, a proper curative disclosure would be likely to interrupt the course of this case, which has long since proceeded past the close of an already extended discovery

period.  Thus, curing the error would cause significant interruption and require the reopening of the discovery period.  Finally, it is impossible to discern whether plaintiff would be surprised by the testimony or opinions offered.  Even the Court is unable to make that determination, because plaintiff has *still* failed to state the opinions that her proposed experts are likely to make.  Instead, plaintiff has merely stated that both Drs. Oskouei and Padula "will testify as to his medical treatment of Plaintiff, as well as causation."  Doc. 60-5.  Even if the Court were to conclude (which it doesn't) that defendant is unlikely to be surprised by the testimony because of the disclosure of medical records, this does not excuse plaintiff's fairly blatant disregard for the rules.

Finally, the parties spend a great deal of time discussing whether expert testimony is necessary in a negligence claim.  *See, e.g.,* doc. 62 at 4. However, this is beside the point. Plaintiff has designated her treating physicians as experts on the topic of causation.  However, she is only entitled to rely on "expert" testimony when she makes the proper

disclosures under the federal rules. Here she did not.[3] Accordingly, defendant's motion to exclude, doc. 59, is **GRANTED**.

**SO ORDERED,** this 7th day of October, 2020.

_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia

---

[3] The Court notes that nothing in this ruling should be read to preclude plaintiff's treating physicians from testifying as to their treatment. This is fact-based testimony of which these physicians have first-hand knowledge and so, as noted above, there is no requirement for a report on either.